IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GREGORY PARKER, | § | |
| | § | |
| Defendant Below, | § | No. 286, 2021 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. I.D. No. 161018537 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |
| | § | |

Submitted: September 23, 2021
Decided: September 30, 2021

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

# **O R D E R**

After consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1)     On September 13, 2021, the appellant, Gregory Parker, acting *pro se*, filed this appeal from an order dated August 24, 2020 and docketed on September 10, 2020, that denied his motion for postconviction relief.  Under Supreme Court Rules 6 and 11, a timely notice of appeal should have been filed on or before October 12, 2020.  Indeed, on September 22, 2020, nearly a year before this appeal was filed, Parker's counsel had filed a timely notice of appeal from the same Superior Court

order.[1]  After the briefing schedule issued in that appeal, Parker's counsel filed a notice of voluntary dismissal on January 14, 2021.

(2)  On September 14, 2021, the Senior Court Clerk issued a notice directing Parker to show cause why this appeal should not be dismissed as untimely filed.  In response to the notice to show cause, Parker states that he lacks education regarding the law and the legal process and that restrictions imposed in the prison because of the COVID-19 pandemic interfered with his access to the law library.

(3)  A notice of appeal must be timely filed to invoke the Court's appellate jurisdiction.[2]  A notice of appeal must be received by the Court within the applicable time period to be effective.[3]  Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[4]  Parker previously filed a timely appeal of the August 24, 2020 order, and then elected to dismiss that appeal.  The failure to file a timely appeal in this case is not attributable to court-related personnel.[5]

---

[1] *Parker v. State*, 320, 2020 (Del.).

[2] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

[3] DEL. SUPR. CT. R. 10(a).

[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

[5] *See Whiteman v. State*, 2021 WL 129945 (Del. Jan. 11, 2021) (holding that untimeliness of appeal was not attributable to court-related personnel where appellant argued that his efforts to file a notice of appeal were delayed because of prison restrictions related to the COVID-19 pandemic, "including imposition of a fourteen-day quarantine period following his transfer from the violation-of-probation center and limited access to the law library"); *Johnson v. State*, 2006 WL 197180 (Del. Jan. 24, 2006) (holding that untimeliness of appeal was not attributable to court-related personnel where appellant argued that he had to wait several weeks before gaining access to the prison law library).

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

_/s/ Gary F. Traynor_
Justice